STATE, EX REL. GRANT J. WHEELER, v. THE ESSEX PUB-
LIC ROAD BOARD.

Upon application of a land-owner whose dam had been taken down by
the Essex Public Road Board in constructing a highway, an alterna-
tive *mandamus* was allowed, directed to said board, commanding them to
apply, as directed by their charter, for the appointment of appraisers
to assess the damages for said taking, or show cause, &c. As a return
to this writ, the board filed three pleas. On motion to strike out, it
is *held*—

1. That the first plea, that the said dam was taken down by the board
by leave and license of the relator, is bad.

2. That the second plea, that as compensation for the taking of said
dam a new dam was erected by the board for the relator, and accepted
by him in full satisfaction of all claims, &c., is good as a plea of
accord and satisfaction.

3. That a plea setting up a former assessment for taking the same
property, and also an acceptance of the award so found as compensa-
tion, &c., is bad for duplicity. As a plea in estoppel, it should have
stated all jurisdictional facts directly, and not legal conclusions. As
a plea of accord and satisfaction, it is argumentative.

---

This is a motion to quash a return to an alternative *man-
damus* directed to the respondents, commanding them to
apply to the Court of Common Pleas of Essex county for
the appointment of appraisers to make an appraisment of the
damages sustained by said Wheeler by reason of the taking
down of a certain dam by the respondents in the construction
of Bloomfield avenue, by virtue of an act approved March
31st, 1869, (*Pamph. L., p.* 957,) and the supplement thereto,
approved February 16th, 1870. *Pamph. L., p.* 181.

The facts and the previous litigation relative to this matter sufficiently appear in the statement of facts, and in the opinion of the Chief Justice in the case of *Wheeler* v. *Essex Public Road Board*, 10 *Vroom* 291, when before the Court of Errors.

The board, in laying the said avenue, had taken down a dam of Wheeler and erected a new dam.

This dam was carried away, and an action was brought against the board for negligence in erecting the new dam, and also for taking down the old, without compensation being first made. The plaintiff was defeated on both grounds for the reasons given in the opinion.

The rule is now for a writ to compel payment for the taking of the old dam, by an assessment in the way provided by the acts.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the motion, *J. R. Emery.*

*Contra, John W. Taylor.*

The opinion of the court was delivered by

REED, J. The first plea interposed as a reason why a writ should not go is, that the respondents took down the said dam and laid out and constructed the said avenue on the land occupied by said dam, by the leave and license of the said Wheeler.

To an ordinary action of trespass brought by Wheeler, this would, of course, have been an answer. But a license only justifies what would otherwise have been a trespass. But this is not a proceeding analagous to the action of trespass. It is a proceeding to compel the condemnation of an interest of Wheeler in the land, and so to secure, not merely the damages for a single tortious act, but compensation for a constrained grant of an interest in the land which, for all purposes of calculation, is to be perpetual. It was held in *Het-*

*field* v. *Central R. R. Co.*, 5 *Dutcher* 571, that a license to the railroad company to enter upon lands, neither in itself nor when supplemented by the filing of a survey, conferred upon the company any title to the land. If no title passed by force of such leave and license, then it could be no answer to a proceeding taken by the owner to compel the condemnation of his interest in the land, to assert that he had done something which had in no way affected his interest. His right to compensation for it, given by statute, would still subsist.

The same doctrine is stated in the case of *Western Pennsylvania R. R. Co.* v. *Johnston*, 59 *Penna. St.* 290–5.

There is no distinction between the character of the board and the highway in this case which should change the rule thus applied to railway companies and their roads.

The only distinction which affects this case is in the fact that this board, unlike a railway company, has the right to enter, without the license of the land-owner, before payment of compensation. In fact, the plea of leave and license in this proceeding has no significance, because it is the statement of a right that appears as a legal conclusion from the facts upon which the alternative writ was granted.

Wheeler is not injured by the laying out of this avenue and the destruction of this dam, but by the failure of the board to put in operation the proceedings designed to secure his compensation.

As, therefore, the laying of the road and removal of the dam did not infringe any legal right of Wheeler, it is immaterial whether these acts were or were not done by his license. This plea is bad.

The second plea is substantially as follows: The board say that as compensation to Wheeler for the destruction of the said dam, and the laying out and construction of said avenue, on lands occupied by said dam, they, with his assent, caused a new dam to be constructed in lieu and near the site of the one so removed, &c., which said dam was delivered to and accepted and received by Wheeler as and for compensa-

tion, and in full satisfaction and discharge of all claim for compensation for or by reason of the taking down and destruction of said old dam, and all other injuries for which compensation is sought through the instrumentality of said writ. This is a good plea of accord and satisfaction, unless it is subject to the criticism of the counsel for the relator, that the want of power in the board to erect the new dam prevents them pleading this defence. I do not think this objection to the plea is well taken. The plea sets out an executed consideration accepted as satisfaction for the damages sought. Whether the parties who erected the new dam had authority to do so or not cannot possibly affect that which Wheeler has received as a satisfaction for his damages. No subsequent repudiation of the board can deprive Wheeler of the benefit of the consideration stated in the plea. I think the plea is good.

The third plea was treated upon the argument as a plea of former recovery. The design of the pleader was to set out a previous adjudication in favor of Wheeler for the matter now the subject of controversy. It recites the appointment of five freeholders as appraisers; the notice to said appraisers and the land-owners; the meeting of the appraisers; their public declaration of the amount of compensation that ought to be paid to said land-owners; their statement, in writing, and the filing thereof in the register's office. That by said statement they awarded to Wheeler and Beach, who was then part owner, the sum of $2956.59, as and for compensation for the lands and other property of said Wheeler and Beach taken for and injured by the laying out and widening of said avenue. The plea then states that this sum was then received and accepted by Wheeler and Beach as and for full compensation for damages sustained by them in the laying out and widening of said avenue. The plea appears to have an element of duplicity which may well embarrass the relator in framing a proper traverse. It does not conclude with the assertion of the finding of an award for the same subject, but continues by showing an acceptance

of the sum as compensation for the injury, &c. The pleader would undoubtedly be privileged to set out the steps which resulted in the ascertainment of the sum as an inducement to the statement of the reception of the same in satisfaction of the damages for the assessment of which this writ is sought.

It is difficult to say, however, that the plea is not intended both as a plea in estoppel by a former adjudication, and also as a plea of accord and satisfaction by an acceptance of the award.

As the plea is framed it would embarrass the relator to meet it by a single traverse, which would not leave him in the position of not having met the entire force of the defence disclosed by it.

If he denies the estoppel, he leaves the allegation that the sum was received as compensation unanswered. If he traverses the latter, then the matter alleged as an estoppel is not met. If he meets both, the vice of duplicity pervades both plea and replication. It is, of course, a matter of form and not of substance, but upon this motion to strike out, a defect in form must be recognized. The plea must, therefore, be struck out upon this ground.

I think, moreover, that the plea, as one of estoppel, is criticisable in not stating directly, as a jurisdictional fact, the manner of giving notice to the land-owners. It is stated that notice was given as provided by statute. This is a mere legal conclusion.

The plea, as one of accord and satisfaction, is argumentative. It states the reception of the award as compensation for all the damages, &c. It does not state that it was for damages resulting from the taking of the particular dam mentioned in the pleadings. A direct traverse of the plea would not be inconsistent with the fact that some damages might have been the subject of compensation, and that this dam may have been paid for and other property not.

The reason for requiring direct, distinct and not argumentative statement is, besides precision, that the adverse

party may be enabled to traverse the matter alleged, directly. *Gould's Pl., ch. III.*, § 28.

An argumentative return is subject to this general rule applicable to all pleadings.  *High on Ex. Rem.*, § 472.

The first and third pleas are struck out, with costs.